# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>       Plaintiff,<br><br>   v.<br><br>MEDICAL SERVICE DOCTOR, et al.,<br><br>       Defendants. | 1:15-cv-01871-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION FOR PLAINTIFF TO PROCEED ON HIS MEDICAL CLAIM AGAINST DR. HASSTA AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE**<br><br>**(Doc. 20)**<br><br>**30-DAY DEADLINE** |

Monico J. Quiroga claims the medical care he received while a pretrial detainee at Kern County Lerdo Max-Med Security Facility in Bakersfield, California was deficient. The allegations in Plaintiff's first cause of action state a cognizable claim against Dr. Hassta for denial of Plaintiff's pain medication as prescribed by his prior treating physicians in deliberate indifference to his chronic pain. However, despite multiple opportunities to correct his pleadings, Plaintiff does not sufficiently link Nurse Capaud to any of his allegations. Likewise, be does not link the allegations in his second cause of action to any state actor. Thus, Nurse Capaud and the second cause of action should be dismissed.

**A. Screening Requirement**

28 U.S.C. § 1915 requires screening of all complaints, whether filed by an inmate or a detainee, which seek relief against a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the detainee/inmate has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.§ 1915(e)(2)(B)(i)-(iii).

**B. Summary of the Second Amended Complaint**

Plaintiff complains about inadequate medical care from Dr. Hassta and Nurse Marjorie Capaud while he was housed at the Kern County Lerdo Max-Med Security Facility in Bakersfield, California as a pretrial detainee.[1] Plaintiff's claims are based on being denied access to pain medications for his left radius. When he arrived at the facility, already he had nine screws and a 6-1/2 inch plate installed on his bone, which caused him pain necessitating their removal on May 6, 2016. As discussed in greater detail below, Plaintiff's claim in his first cause of action against Dr. Hassta is cognizable, but the claims in his second cause of against are not.

**C. Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

As has been stated in the prior screening orders, "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S.*

---

[1] Plaintiff is currently housed at High Desert State Prison in Susanville, California..

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

**2. Linkage Requirement**

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

3

Plaintiff names Dr. Hassta and Nurse Capaud as defendants. Plaintiff sufficiently linked Dr. Hassta to the allegations in his first cause of action[2] which are discussed in detail below. (Doc. 20, pp. 4-5.) However, Plaintiff fails to state specific factual allegations to link either Dr. Hassta or Nurse Capaud to the allegations in his second cause of action that, after removal of the screws and plate from his radius, he was denied refills of medication, sick call requests, and doctor visits "as an ongoing occurrence with" Dr. Hassta and Nurse Capaud. (*Id.*, pp. 5-6.) These allegations are insufficient to put Dr. Hasta and Nurse Capaud on notice of the factual basis for Plaintiff's claim against them in his second cause of action. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Thus, Plaintiff's second cause of action, and Nurse Capaud should be DISMISSED with prejudice.

**D.  Deliberate Indifference to Plaintiff's Serious Medical Needs**

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). However, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a constitutional minimum for the rights of persons detained under a civil commitment scheme, *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007)), *vacated and remanded on other grounds by* 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), *abrogated on other grounds by* 511 U.S. 825 (1994).

Thus, to maintain a claim based on medical care during confinement, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

---

[2] Nurse Capaud is neither named, nor implicated in any way in Plaintiff's first cause of action. (*See* Doc. 20, pp. 4-5.)

4

Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Allegations of "chronic and substantial pain" resulting from an underlying physical condition constitute a serious medical need. *See Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). Thus, Plaintiff's allegations that the screws and plate in his radius caused him pain for which he had been prescribed medications for chronic pain management are accepted, for screening purposes, as a serious medical need.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). Further, "the indifference to [Plaintiff's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).

In his first cause of action, Plaintiff alleges that he had 9 screws and a 6-1/2 inch plate on his left radius, the pain from which caused him to be on chronic pain management for which doctors at Sagebrush Clinic in Bakersfield, California had prescribed 200 mg of Tramadol for pain and 2400 mg of Gabotine for neuropathy. (Doc. 20, pp. 4-5.) Plaintiff alleges that, after several months, Dr. Hassta began denying Plaintiff those medications referring to them as "candy." (*Id.*) Plaintiff objected and indicated that he needed them for his chronic pain

5

condition, but on several occasions Dr. Hassta refused to continue Plaintiff's prescriptions and thereafter only gave them to Plaintiff for 10 days at a time which would thereafter take 5-7 days to refill.  (*Id.*)

Plaintiff adequately alleged that Dr. Hassta unreasonably ignored his prior physician's orders.  *See Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) ( finding deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner") *overruled in part on other grounds by Saucier v Katz*, 566 U.S. 194 (2001); *see also Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) (concluding that reliance on "non-specialized" medical conclusions may constitute deliberate indifference to a plaintiff's medical needs), overruled on other grounds by *Peralta*, 744 F.3d 1076; *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("[A]llegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference.").

Leniently construed, the allegations in Plaintiff's first cause of action (Doc. 20, pp. 4-5), state a cognizable claim for deliberate indifference to his serious medical needs against Dr. Hassta.

**E.  Injunctive Relief**

Among other things, Plaintiff seeks to "receive proper prescription medication."  (Doc. 20, p. 6.)  As a threshold matter, Plaintiff must establish that he has standing to seek injunctive relief.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.  Plaintiff's medical care claims arise from events that occurred at Lerdo Max-Med.  (*See* Doc. 20.)   Plaintiff is currently housed at High Desert State Prison.  (*See* Doc. 22.)  Thus, Plaintiff lacks standing to seek relief directed to provide him specific medical treatment at HDSP.

1     To the extent that his motion for temporary restraining order seeks relief to obtain specific medical care while he was at Lerdo Max-Med, it was rendered moot on his transfer to HDSP.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).   Thus, Plaintiff's request for injunctive relief via access to specific prescriptive medications must be denied.

## **RECOMMENDATION**

For the reasons set forth above, Plaintiff's Second Amended Complaint states a cognizable claim for deliberate indifference to his serious medical needs against Defendant Dr. Hassta based on denial of medication for Plaintiff's chronic pain which was prescribed by his prior treating physicians.  All other claims and defendants should be dismissed with prejudice.  Given the number of times that Plaintiff has been given the applicable standards and opportunity to correct the deficiencies in his pleading, further leave to amend need not be given since futile.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).  Accordingly, based on the foregoing, the Court **RECOMMENDS**:

1. That this action proceed on Plaintiff's Second Amended Complaint on Plaintiff's first cause of action against Defendant Dr. Hassta for deliberate indifference to Plaintiff's serious medical needs (Doc. 20, pp. 4-5);  and

2. All other claims and Defendants should be dismissed with prejudice from this action based on Plaintiff's failure to state cognizable claims under section 1983.

///
///
///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2016**                          **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE