# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>             Plaintiff,<br><br>        v.<br><br>Dr. HASTA,<br><br>             Defendant. | **Case No. 1:15-cv-01871-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>**(Doc. 33)**<br><br>**21-DAY DEADLINE** |

On March 3, 2017, Plaintiff filed a motion which is construed as a motion for preliminary injunctive relief since it seeks an order directing medical personnel to provide him pain medication -- 150 mg Tramadol and 1200 mg Gabapentin. (Doc. 33.)

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

The medical care claims which Plaintiff proceeds on in this action arise from events that

1

occurred at Kern County Lerdo Max-Med Security Facility (Lerdo Max-Med) in Bakersfield, California. However, Plaintiff was subsequently transferred and is currently housed at High Desert State Prison. Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at HDSP. Further, to the extent that his motion seeks relief to remedy his conditions of confinement for the time he was at Lerdo Max-Med, it was rendered moot on his transfer to HDSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction should be denied.[1]

Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for injunctive relief, filed on March 3, 2017 (Doc. 33), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 31, 2017**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that Plaintiff lacks standing on this issue.

2