# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>    Plaintiff,<br><br>    v.<br><br>Dr. HASTA,<br><br>    Defendant. | Case No. 1:15-cv-01871-LJO-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTIONS "TO PROVE EXHAUSTION OF REMEDIES"**<br><br>**(Docs. 41, 43)** |

Plaintiff has filed two motions seeking to prove he exhausted administrative remedies, in compliance with 42 U.S.C. § 1997e(a), prior to initiating this action. (Docs. 41, 43.) However, the failure to exhaust is an affirmative defense which Defendant bears the burden of raising and proving on summary judgment. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). Defendant has not moved for summary judgment on exhaustion issues and the deadline for him to do so lapsed on July 5, 2017.[1] (Doc. 36.) Plaintiff's exhaustion efforts need not be addressed until called into

---

[1] It appears from Defendant's responses to Plaintiff's discovery motions that the evidence of Plaintiff's exhaustion efforts is being subpoenaed. (*See* Doc. 52.) If documents produced in response to the subpoena raise a question as to the sufficiency of Plaintiff's compliance with the PLRA, Defendant will be required to show good cause to modify the Discovery and Scheduling Order to file a motion for summary judgment for exhaustion purposes. If that occurs, Plaintiff will be provided with the legal requirements and allowed to file an opposition. *Woods v. Carey*, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

1

question by Defendant.[2]

Accordingly, the Court **ORDERS** that Plaintiff's motions to prove exhaustion of administrative remedies in compliance with 42 U.S.C. § 1997e(a), (Docs. 41, 43), are **DISREGARDED**.[3]

IT IS SO ORDERED.

Dated:     **September 2, 2017**                    **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] It is also noteworthy that, though Plaintiff filed motions, he did not submit copies of any of his grievances on the issues in this action upon which findings as to the sufficiency of his efforts and availability of administrative remedies might be made.

[3] Not determination is made as to the sufficiency of Plaintiff's exhaustion efforts or the availability of administrative remedies.