# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>        Plaintiff,<br><br>    v.<br><br>HASTA,<br><br>        Defendant. | 1:15-cv-01871-LJO-JLT (PC)<br><br>ORDER ON PLAINTIFF'S DISCOVERY MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS, FOR ISSUANCE OF SUBPOENAS DUCES TECUM, FOR COPYING COSTS, AND FOR SANCTIONS<br><br>(Docs. 39, 44, 45, 47, 48, 49, 50) |

Plaintiff filed motions to compel production of documents (Doc. 48), for issuance of subpoenas (Docs. 39, 44, 49), for copying costs of documents produced in response thereto (Doc. 47), and for sanctions against Defendant (Docs. 45, 50). Defendant filed oppositions (Docs. 52, 47, 53) and the time for Plaintiff to file replies has lapsed. The motions are deemed submitted. Local Rule 230(*l*).

Parties are entitled to seek discovery of any non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery in federal civil litigation in general. The party responding to discovery requests shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). Hyper-technical, quibbling, or evasive objections are not viewed with favor.

1

Further, the responding party has a duty to supplement any previously provided responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g., Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind.1990).

If the responding party objects to a discovery request, it is the moving party's burden, in a motion to compel, to demonstrate why the objection is not justified. In general, the moving party must inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, inform the Court why the information sought is relevant, why the response is deficient, and why any objections stated are not justified.

In his motion to compel production of documents, Plaintiff seeks copies of "records, grievances, medical records and responses to grievances from September 18, 2015 to date 2017" and cites *Allen v. Woodford*, 2007 WL 309945, *2 (E.D. Cal. 2007) for the proposition that he is entitled to copies of documents which are in Defendant's possession, custody, or control. (Doc. 48.) Plaintiff submitted neither the requests that he propounded on Defendant nor Defendant's responses thereto. (*Id.*) Such generalized identification of requested documents is generally insufficient for purposes of a motion to compel.

However, in his opposition, Defendant quoted Plaintiff's request and attached his response which indicated that "Defendant previously produced all medical records regarding plaintiff from Kern Medical Center and Lerdo Clinic which include radiology reports and sick call slips. Defendant is not in possession of inmate grievances/responses from September 25, 2016, to May 29, 2017, from Lerdo Pretrial Facility, but is in the process of obtaining these records via

2

subpoena to Kern County Sheriff's office." (Doc. 52, pp. 5-9.) Defendant further stated that an error by the subpoena service delayed the receipt of those records,[1] but they are due to be produced on September 11, 2017. (*Id.*, p. 5.) Defendant indicates that he is willing to provide Plaintiff responsive documents as soon as those records are received.[2] (*Id.*)

Plaintiff did not file a reply to Defendant's opposition and the Court accepts Defendant's representation that he has provided a copy of his applicable medical records and that he will provide Plaintiff a copy of the subpoenaed documents from the Lerdo Pretrial Facility once received. Defendant's opposition to Plaintiff's motion compel production of documents resolves not only that motion (Doc. 48); moots Plaintiff's requests for subpoenas to the "County Counsel Administrative Center" for copies of his medical records and inmate grievances/responses from Kern Medical Center and Lerdo Pretrial Facility (*see* Docs. 39, 44, 49) as well as Plaintiff's "motion to demonstrate good cause for copies of documents" (Doc. 47); and resolves Plaintiff's motions for sanctions (Docs. 45, 50) since it is clear that Defendant has complied and produced copies of documents responsive to Plaintiff's requests for copies of his applicable medical records and will do so upon receipt of documents of Plaintiff's exhaustion efforts once received from Lerdo as well. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to compel production of documents in response to his requests for production of documents, filed on August 14, 2017 (Doc. 48) is **DENIED**;
2. Defendant SHALL produce a copy of the records he subpoenaed from the Lerdo Pretrial Facility to Plaintiff **within 14 days of receipt**;
3. Plaintiff's requests for subpoenas, filed on May 4, 2017 (Doc. 39), June 28, 2017 (Doc. 44), and August 14, 2017 (Doc. 49) are **DISREGARDED as moot**;
4. Plaintiff's motion to demonstrate good cause for copies of documents, filed on July 13, 2017 (Doc. 47) is **DISREGARDED since moot**; and
5. Plaintiff's motions for sanctions, filed on June 28, 2017 (Doc. 45) and August 14,

---

[1] The subpoena service substituted Kern County Sheriff's Department as the entity to be served, Defendant opines this occurred because Lerdo is a subset of the Sheriff's Department. However, when the error came to light, Defendant immediately contacted the subpoena service, the subpoena was reissued to Lerdo, and records in response are now due September 11, 2017. (Doc. 52, pp. 5-6.)

[2] The Court notes and appreciates Defendant's cooperation and representation that he will produce copies to Plaintiff of documents received in response to his subpoena from Lerdo.

3

2017 (Doc. 50) are **DENIED**.

IT IS SO ORDERED.

Dated: **September 2, 2017**　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE