# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>    Plaintiff,<br><br>v.<br><br>HASTA,<br><br>    Defendant. | 1:15-cv-01871-LJO-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. 40) |

    Plaintiff, Monico J. Quiroga, III, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 24, 2017, Plaintiff filed a motion seeking the appointment of counsel which was denied without prejudice. (Docs. 37, 38.) On May 11, 2017, Plaintiff filed a motion objecting to the order denying his motion to appoint counsel, which is construed as a motion for reconsideration. (Doc. 40.)

    Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

1

the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff contends that he needs an attorney as he has a disability, ADHD learning disability, and mental illness and he needs an attorney to represent him. While this assertion is valid, it does not show that the Magistrate Judge's denial without prejudice of Plaintiff's motion for counsel to be appointed was clearly erroneous.

Further, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989), and exceptional circumstances are not present at this time for the Court to seek the voluntary assistance of counsel pursuant to section 1915(e)(1), *Rand*, 113 F.3d at 1525. Plaintiff's trepidation with pursuing this case on his own, while understandable, is not sufficient grounds for reconsideration of the Magistrate Judge's order denying appointment of counsel without prejudice. Further, nothing in the Magistrate Judge's order, nor this order, prohibits Plaintiff from continuing to attempt to secure counsel on his own. Finally, while the Court wishes it were able to appoint counsel for all indigent *pro se* litigants who desire representation, unfortunately, there simply is a dearth of attorneys who are willing to be so appointed.

Having carefully considered this matter, the Court finds the Magistrate Judge's order denying Plaintiff's request for appointment of counsel to be supported by the record and proper

analysis.

Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel to be appointed in this case, filed May 11, 2017 (Doc. 40), is **HEREBY DENIED**.

IT IS SO ORDERED.

Dated: **September 6, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE